UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                No. 13-CR-00969 ABJ

RACHEL CHAVEZ BASURTO,

    Defendant.

## SENTENCING MEMORANDUM
## AND MOTION FOR DOWNWARD DEPARTURE

### A. Introduction

In the *United States v. Booker*, 543 U.S. 220 (2005), United States Supreme Court severed the mandatory provisions from the Federal Sentencing Act, making the Guidelines effectively advisory. In excising the two sections, the Supreme Court left the remainder of the Act intact, including 18 U.S.C. § 3553. The Court noted that, "Section 3553(a) remains in effect, and sets forth numerous factors that guide sentencing. Those factors in turn will guide appellate courts, as they have in the past, in determining whether a sentence is unreasonable." *Id.* At 261.

Congress directed sentencing courts to impose a sentence, "sufficient, but not greater than necessary" to satisfy four statutory defined purposes. 18 U.S.C. § 3553(a). In discharging its sentencing responsibilities, the Court is to "consider the nature and circumstances of the offense and the history and characteristics of the Defendant" and "the need for the sentence imposed" to satisfy the four enumerated purposes. These are:

    (A)    To reflect the seriousness of the offense, to promote respect of the

law, and to provide just punishment for the offense;

    (B)    To afford adequate deterrence to criminal conduct;

    (C)    To protect the public from further crimes of the Defendant; and

    (D)    To provide the Defendant with immediate educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2)(A)-(D). In addition, among other factors, the Court is to consider the kinds of sentences available, the sentencing guideline range and criminal history of the Defendant. 18 U.S.C. § 3553(3)(4)(A).

On March 4, 2014, Ms. Basurto plead guilty to one count of possession with intent to distribute heroin and one count of possession with intent to distribute methamphetamine. Her adjusted offense level is 28 and her Criminal History Category is IV. Her advisory guideline sentencing range is 110 to 137 months. PSR ¶ 78.

Ms. Basurto did not receive a reduction in her adjusted offense level for acceptance of responsibility despite the fact that she plead guilty in a timely manner. Under the normal practice of this jurisdiction, she would receive a reduction of two levels for acceptance of responsibility under U.S.S.G. § 3E1.1(a) plus an additional point for promptly pleading guilty and saving the Government resources otherwise expended in preparation for trial. U.S.S.G. § 3E1.1(b).

Ms. Basurto plead guilty on March 4, 2014. The plea was entered without a plea agreement but after significant pre-trial negotiation. It was done in a sufficiently timely manner that counsel expected the full three point reduction to her adjusted offense level.

On April 16, 2014, Ms. Basurto's conditions of release were revoked based upon allegations that she sold 0.6 grams of heroin on March 22, 2014 and 0.5 grams of heroin on March 27, 2014. The sales were allegedly made to a confidential informant employed by the Grants, New Mexico Police Department. PSR ¶ 5-6. The Presentence Report denied her reductions for acceptance of responsibility finding that she continued to engage in criminal conduct. PSR ¶ 31. If acceptance of responsibility points were provided, Ms. Basurto's adjusted offense level would be a 25 and her Guideline Sentencing range 77 to 96, months rather than the present calculation of 110 to 137 months.

The Government may argue that no variances are appropriate due to Ms. Basurto's involvement in drug sales during her pre-trial release. This argument ignores the penalty that Ms. Basurto has already paid. The failure to receive acceptance of responsibility points raises her sentencing range by 33 months at the low end and 41 months at the high end. This, for the sale of a gram of heroin with a retail value of less than $100 which has no effect on the base offense level in this case. Had this been a separate offense, Ms. Basurto would have been facing a guideline offense level of 10 (with acceptance) and a range of 15 to 21 months. Instead, she increased her guideline range by a range of 33 to 41 months.

Admittedly, Ms. Basurto's engagement in the lowest level of street drug transactions does not demonstrate a profound withdrawal from criminal conduct or associations. It is the sort of marginal commercial engagement which is entertained by those whose economic circumstances are desperate and whose options are limited. Ms. Basurto has paid her price under the guidelines for her conduct. It should not affect her arguments for a variance.

## B. <u>Ms. Basurto's Criminal History Score Over Represents Her Criminal History and Departure or Variance is Therefore Warranted</u>

Ms. Basurto's Criminal History Category is IV. This category is a function of three convictions for which she received a total of seven criminal history points. Ms. Basurto was convicted in 1998 for a 1997 check forgery and possession of stolen credit cards. PSR ¶ 39. She was subsequently convicted in 1998 for receiving and disposing of a stolen Navajo rug. PSR ¶ 40. She received three criminal history points for each of these convictions. She received on additional point for a 2011 shoplifting conviction for which she was sentenced to a $480 fine. PSR ¶ 41.

Between 1988 and 1998, Ms. Basurto battled heroin additions. PSR ¶ 64. In order to support her habit, she resorted to property crimes such as check forgery. When arrested for the 1997 check forgery, she was found to be in possession of drug paraphernalia. PSR ¶ 39. After conquering her addiction in 1998, Ms. Basurto remained free of any involvement with the criminal law, with the single exception of one shoplifting conviction, for a period of over 15 years until the instant case. PSR ¶ 39-43. The two offenses which account for six of her seven criminal history points are now 16 and 17 years old. PSR ¶ 39, 40.

A sentence imposed more than 15 years prior to the defendant's commencement of the instant offense is not counted for criminal history points unless the defendant's incarceration extended into the 15 year period. U.S.S.G. § 4A1.2(e). The 15 year period for the 1997 forgery conviction for which Ms. Basurto received three criminal history points would have expired on or about May 2013. Ms. Basurto committed the instant

offense on March 5, 2013. Similarly, the 1998 receiving/disposing stolen property conviction would have run its time limitation relatively soon after Ms. Basurto committed the instant offense. Therefore, both conviction, accounting for six criminal history points, teeter on the cusp of the Guidelines, "latches" limitation. *See United States v. Collins*, 122 F.3d 1297 (10th Cir. 1997) (departure from career offender 151-188 to 42 months where defendant was 65 and ill and ten year old conviction overstated criminal history because conduct committed beyond ten year limit), *United States v. Williams*, 432 F.3d 621 (6th Cir. 2005) (in felony possession case, departure to 24 months from 48 granted in part because prior felony was old, no new crimes in interim, so criminal history overstated propensity to commit crimes), *United States v. Fletcher*, 15 F.3d 553, 557 (6th Cir. 1994) (affirming departure downward from career offender guideline based on age of prior convictions, time intervening between priors and current crime among other factors), *United States v. Bowser*, 941 F.2d 1019, 1024 (10th Cir. 1991) (age and close proximity in time between prior criminal acts provided proper basis to depart). Ms. Basurto's prior felonies are as old as they could be and still qualify for criminal history points. They are both non-violent offenses and they were committed within a year of each other while the defendant suffered from drug addiction.

As important in considering the overrepresentation of Ms. Basurto's criminal history, is that during the intervening 15 years between the commission of her 1997 and 1998 crimes and the instant offense is that Ms. Basurto only suffered one misdemeanor conviction and no other interface with the criminal law. PSR ¶ 41, 44. This conviction was for shoplifting for which she received a fine. This significant period of law abiding

conduct diminishes even further the immediacy and potency of her two prior, non-violent offenses.

As a Criminal History Category IV, Ms. Basurto is placed in the same category as a defendant who had been previously convicted of armed robbery in 2005, served five years, was convicted for aggravated assault with great bodily harm in 2010, sentenced to three years, and appears before the Court convicted as a felon in possession of a firearm with a supervised release violation. Clearly, Ms. Basurto does not present a comparable criminal history.

If neither of these convictions were assessed criminal history points, Ms. Basurto would be at Criminal History I. At a level 28 and a Criminal History I, she would have a sentencing range of 78 to 97 months.

### C. Ms. Basurto's Medical Condition is Exceedingly Precarious and Merits a Variance

Ms. Basurto is 53 years old. She is not in good health. She suffers from depression, hypertension, epilepsy, and a combination of serious physical ailments. Ms. Basurto is a diabetic, is affected with rheumatoid arthritis, chronic back pain, fibromyalgia, cirrhosis of the liver, and hepatitis C. Many of Ms. Basurto's ailments cause great pain. For these, she was receiving morphine (rheumatoid arthritis and back condition) symbalta (fibromyalgia), amitriptyline (migraine headaches), and hydroxyzine (back pain). Others are chronic conditions from which her health will deteriorate as she ages. These include diabetes, depression, cirrhosis of the liver, and hepatitis C. PSR ¶ 60-61. In addition, Ms. Basurto suffers from epilepsy for which she also is under a course of medication. *See* generally,

12/17/2013 report of Dr. Arnold Valdivia, attached as Exhibit A, report of Kaseman Spine and Pain Clinic, attached as Exhibit B.

At 53 years of age, the combination of Ms. Basurto's medical conditions do not auger for a particularly vital aging process. As she advances deeper into her sixth decade, these various conditions are likely to worsen and take an accelerating toll on her overall health. In addition, her life expectancy as the result of her hepatitis C, cirrhosis of the liver, and diabetes is considerably truncated. Sadly, her prospects are for a shorter and increasingly more difficult life. Therefore, assuming a life expectancy of maybe 20 to 25 years, a sentence of 110 months is virtually half her remaining life.

In detention, Ms. Basurto is not receiving all of her medications. This is particularly true for those of her pain medications which are narcotic based. Although the Bureau of Prisons assures that they can effectively treat Ms. Basurto's conditions, she will likely only be provided with non-narcotic pain relief when clearly her condition calls for stronger medications. Many of Ms. Basurto's medical condition cannot be cured. Her ailments can only be managed. Some are progressively deteriorating, some progressively more painful and some, such as epilepsy, are episodic and triggered by environmental factors. Given the fact that her health will continually worsen and that she is in constant and incurable pain, her incarceration will be more difficult than a similarly situated inmate without her constellation of medical problems. *See United States v. Edwards*, 595 F.3d 1004 (9th Cir. 2010) (Court varies to sentence of probation for guideline range of 27 to 33 months where client has diabetes and other illnesses), *United States v. Rausch*, 570 Fed.Sup.2d 1295 (D. Colo. 2008) (Defendant convicted of possession of child pornography, guidelines 120

months, Court varies because of defendant's extremely poor health and vulnerability to victimization in prison), *United States v. Street*, 22 F.3d 109, 112-113 (6th Cir. 1994) (District Court has discretion to depart because of defendant's "extraordinary physical impairment").

### D. Ms. Basurto's Case Would be Subject of the Proposed Guideline Amendment and is Covered by the Department of Justice Policy of March 31, 2014

The proposed amendment to the Sentencing Guidelines § 2D1.1(c) and the Department of Justice Policy announced on March 31, 2014 in recognition of the amendment provides for a two level downward adjustment to Ms. Basurto's guideline range. The proposed amendment to U.S.S.G. § 2D1.1 has passed the Sentencing Commission and final approval is pending before Congress. Passage appears likely. Under the amendment, Ms. Basurto would qualify for a base offense level two points lower than her present calculation. After November 1, 2014, her base offense level would become a 24. PSR ¶ 94. As Counsel understands it, the Department of Justice policy announced March 13, 2014, provides that the two point downward adjustment should be applied to pending cases. At a level 24 and a Criminal History Category IV, Ms. Basurto would face an advisory guideline range of 92 to 115 months. At a level 24 with a Criminal History Category I, Ms. Basurto would face a guideline range of 51 to 63 months. 18 U.S.C. § 3553(a)(2)(3) directs the Court to consider "the kinds of sentences available". As noted in the Presentence Report, the proposed amendment to the Sentencing Guidelines is a valid consideration for the Court. PSR ¶ 94.

### E. Ms. Basurto's Cares for Her Father and Mother

Ms. Basurto's parents are disabled. Prior to her arrest, she provided care for them. She is the mother of three adult daughters and five grandchildren for whom she also provides aide and parenting. The Presentence Report notes these circumstances as factors that may merit a variance. PSR ¶ 94.

### F. Conclusion

Ms. Basurto poses a number of factors that weigh in favor of a variance. The Presentence Report acknowledges that in consideration of these factors, a sentence within the guidelines (110 to 137), "may be greater than necessary to comply with the purposes of sentencing." PSR ¶ 95. The Presentence Report notes that Ms. Basurto's heroin addiction, her drug free status since 2000, a history of depression, serious medical conditions, her relatively advanced age, her difficult childhood, and a criminal history that consists of non-violent charges provide grounds for a downward variance which "may be warranted in this case." PSR ¶ 94, 95.

If the Court starts with the amendment to U.S.S.G. 2D1.1, Ms. Basurto would be a level 24. *See* Section D supra. Her criminal history over represents her severity. If the Court considered only her convictions within 15 years of this sentencing, she would be a Criminal History I. *See* Section B supra. At a level 24 and a Criminal History I, Ms. Basurto's sentencing range would be 51 to 63 months. The Court may also consider her medical condition and other factors noted in the closing paragraphs of the Presentence Report to impose a sentence at the low end or below that range.

|  |  |
|---|---|
| I hereby certify that on June 18, 2014, I filed the foregoing pleading electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:<br>AUSA Linda Mott and<br>AUSA Lynn Wang<br><br>*[electronically filed]*<br>Linda Mott, AUSA<br>Lynn Wang, AUSA | Respectfully submitted,<br><br>FEDERAL PUBLIC DEFENDER<br>111 Lomas NW, Suite 501<br>Albuquerque, NM 87102<br>(505) 346-2489<br><br><br>*[electronically filed]*<br>RICHARD A. WINTERBOTTOM<br>Attorney for Defendant |